L. D. *Husbands,* P. D. *Yeiser, for appellant.*
D. A. *McGonagill, for appellees.*

---

NEWPORT & CINCINNATI BRIDGE CO., ET AL., *v.* DOUGLAS'S
TRUSTEE, ET AL.

**Receiver—Railroad Mortgage.**

> The validity and effect of railroad mortgages must be determined by their respective charters, so far as they supersede general laws, but the general laws will always be applied to the construction of general contracts, unless they are superseded by special legislation.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 18, 1877.

OPINION BY JUDGE LINDSAY:

Petitioners say: "We desire to know the law from our standpoint, not the standpoint of any other appellant or attaching creditor." We are unable to distinguish between the rights of parties who attached, or attempted to attach the funds in the hands of the receiver, and the reasoning and conclusions stated in the opinion delivered March 6, 1877, apply equally to each and all of these parties. The western bank claimed under an attachment levied anterior to the appointment of the receiver, and hence we directed special attention to its exceptional claim.

We did not overlook the fact that these petitioners were parties to the principal action instituted by Douglas. But we regarded them as general, and not as preferred creditors. They do not come within the class of creditors relieved in the case of Clive. That the contract between them and the railroad company was beneficial to the public we do not doubt. But the railroad company was under no obligation, express or implied, to the state of Kentucky, either to enter into or to continue in force the contract with the bridge company. It was not bound to deliver freight and passengers in Cincinnati, or to make close connections with any other railroad. It may have had the right to make these connections, and it may have been to its interest to do so, but neither the state nor the general public of Kentucky would have had legal ground of complaint if it had declined or neglected to make them. There was no indispensable legal necessity for this connection, as there was for the operation of the roads between the Kentucky termini, and hence the petitioners did not render services similar to, or in anywise akin to those rendered by the laborers and employes represented by Clive.

We need not inquire whether an interlocutory order of the chancellor amounted to a decision that the petitioners were entitled to be paid out of the fund in the hands of the receiver. If any such decision were made it was erroneous, and as it was interlocutory, and as the question remained within the control of the chancellor, he properly disregarded it when he came to enter up his final judgment.

The validity and effect of railroad mortgages must be determined by their respective charters, so far as they supersede the general laws, but the general laws of the commonwealth will be applied to the construction and enforcement of all lawful contracts, unless they are superseded or suspended by special legislation.

Whether the interest of Douglas would or would not be subserved

by a judgment providing that the purchaser of the railroads should carry out the contract with the bridge company we cannot decide. He does not think so. He does not claim anything under this contract, and asserts no claim to its benefits by virtue of his mortgage. The railroad company does not claim the right to compel Douglas to enforce his mortgage subject to the conditions of this contract, and no creditor of the company, except these petitioners, suggests that his interest will be subserved by the preservation of the railroad connections intended to be severed by it.

We do not think the Act of March 7, 1876, is superseded by Sec. 694 of the new Civil Code of Practice. We regret that the liberal extension of time made for the argument of this cause, the patient investigation of the record, and the elaborate opinion of the court, failed to convince counsel that we did not overlook some one or more of the phases in which the claims of the petitioners were so ably and ingeniously presented. A re-examination of all the questions suggested in the petition for the rehearing has strengthened, rather than impaired our convictions that the law of the case, so far as these questions are concerned, is correctly embodied in the opinion of March 6.

The petition must therefore be *overruled*.

See original case, *Douglass v. Cline*, 12 Bush 672.

*Hallam & Hallam, for appellants.*

*Barr, Goodloe & Humphrey, John Roberts, for appellees.*